[Civ. No. 5367. First Appellate District, Division Two.—March 31,. 1926.]

## JAMES H. TODD, Respondent, v. HOWARD M. PAYNE, Appellant.

[1] CORPORATIONS.— TRANSFER OF STOCK — REFUSAL TO ISSUE NEW CERTIFICATE—PENALTY—CONSTRUCTION OF SECTION 324, CIVIL CODE. The transferee mentioned in section 324 of the Civil Code is the one to whom a certificate of stock has been duly indorsed and delivered by the original owner, and he is the "person aggrieved" to whom the right of action is given to recover the penalty provided in said section for the refusal of the officer of a corporation to issue a new certificate, and it is not necessary for him to show, in an action under said section, that he has any other claim of right than that of such a transferee.

[2] ID.—ACTION TO RECOVER PENALTY—BONA FIDE OWNER OF STOCK—EVIDENCE—PLEADING—ISSUES—PRESUMPTIONS—GOOD FAITH.—In an action to recover the penalty provided by section 324 of the Civil Code for the refusal of an officer of a corporation to issue to plaintiff a certificate of stock, the claim of defendant that plaintiff failed to show that he was a *"bona fide"* owner of. the stock cannot be sustained, where the point was not raised by the pleadings and is wholly beyond the issues; and the fact that a demand for an inspection of the corporate books by plaintiff was one of the purposes for which the transfer of the stock to him was made was not sufficient to overcome the presumption of good faith which attaches to the written document or the presumption, in favor of the judgment for plaintiff, that the findings of fact covered all the issues presented at the trial.

(1) 14 C. J., p. 765, n. 59.   (2) 4 C. J., p. 775, n. 47; 14 C. J., p. 770, n. 31; 22 C. J., p. 128, n. 83, p. 147, n. 52.

APPEAL from a judgment of the Superior Court of Alameda County. Joseph S. Koford, Judge. Affirmed.

The facts are stated in the opinion of the court.

Walter G. Bonta for Appellant.

Lovett K. Fraser for Respondent.

1. See 6 Cal. Jur. 804.

NOURSE, J.—Plaintiff sued to recover the penalty provided by section 324 of the Civil Code for defendant's refusal to issue to him a certificate of stock in the Greater Berkeley Land Company, a corporation of which the defendant was secretary. The complaint was in the terms of the statute and alleged that the original owner of the stock had indorsed, transferred, and delivered to the plaintiff; that he presented the indorsed certificate to defendant and demanded the entry thereof on the corporation books in plaintiff's name and the issuance of a new certificate to him. The answer admitted the demand and justified the refusal only on the ground that defendant was uncertain as to the validity of the indorsement. The trial court found all the facts true as alleged in the complaint and also found that defendant had ample opportunity to satisfy himself as to the indorsement, but made no effort to do so. Judgment followed for plaintiff in the sum of four hundred dollars as provided in the code section cited. Defendant has appealed on the judgment-roll and a bill of exceptions.

The appeal is based upon the ground that the respondent failed to show that he was the "party aggrieved" to whom the code gives the right of action, and that he failed to show that he was a *"bona fide"* owner of the stock.

[1] The first point is answered by the code section cited, which provides that the shares of stock of a corporation of this nature are personal property which may be "transferred by indorsement by *signature* of the proprietor . . . and *delivery* of the certificate." But such transfer is not valid, except for certain purposes, until entered upon the books of the corporation. By the same section a right of action for the stipulated penalty is given to the "person aggrieved" whenever a corporate officer shall refuse to make the entry, or to transfer the stock or to issue a certificate "to the transferee as provided by this and the next preceding section." The transferee mentioned in the same section is the one to whom a certificate of stock has been duly indorsed and delivered by the original owner. He is the "person aggrieved" to whom the right of action is given and it is not necessary for him to show, in an action under the section, that he has any other claim of right than that of such a transferee.

**[2]**   The point that the respondent failed to show that he was a *"bona fide"* stockholder was not raised by the pleadings and is wholly beyond the issues.   The good faith of the stockholder is necessary in a demand for an inspection of the corporate books under section 378 of the Civil Code, and it appears from the evidence that this was one of the purposes for which the transfer to the respondent was made.   This is not sufficient to overcome the presumption of good faith which attaches to the written document or the presumption, in favor of the judgment, that the findings of fact cover all the issues presented at the trial.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 27, 1926.